**Albert C. DOBY et al., Plaintiffs,**

v.

**SAFEWAY STORES, INC. et al., Defendants.**

**Civ. A. No. 80–2644.**

United States District Court, District of Columbia.

Jan. 14, 1981.

Alan Banov, Washington, D. C., for plaintiffs.

Richard C. Hotvedt, Frank W. Stegman, Stephen R. Lohman, Washington, D. C., for defendants Safeway Stores.

Oliver Denier Long, John V. Long, Bethesda, Md., for Local 639.

Hugh J. Beins, William W. Osborne, Jr., Washington, D. C., for Local 592.

## MEMORANDUM

GESELL, District Judge.

This labor dispute involves claims by a group of Safeway drivers and warehouse personnel against Safeway Stores, Inc., the employees' union (Local 639), and a sister local in Richmond, Virginia (Local 592). All four parties have motions that are now before the Court. The plaintiffs have filed a motion for a preliminary injunction against Safeway. Safeway has filed a motion for summary judgment, while each of the union locals has filed a motion to dismiss. For the reasons set out below, the Court finds that the motion of the Richmond local, which asserts, among other claims, that this Court lacks in personam jurisdiction over the local, should be granted. The absence of the Richmond local, however, deprives this action of a party essential to a proper consideration of plaintiffs' claims. Therefore, because the Richmond local cannot be joined and yet resolution of this case may well determine certain of its rights, the Court finds that this action must be dismissed.

The facts of this case are somewhat complicated, but essentially undisputed. For many years, seven Safeway stores that geographically are in the region serviced by members of the Richmond local have, nonetheless, been serviced by members of Local 639 working out of a Safeway terminal in Landover, Maryland. Both Safeway and the Richmond local desired to have the stores shifted to the jurisdiction of the Richmond local, but, in collective bargaining, Local 639 continually insisted that the work remain theirs. The current contract between Safeway and Local 639, effective from December 10, 1978, through December 12, 1981, reserves the work for Local 639.

Despite this contractual arrangement, the Richmond local instituted an action within the International Brotherhood of Teamsters, the group to which both locals belong, to have the seven stores shifted to the Richmond local's jurisdiction. Local 639 resisted the Richmond local's action, and extensive proceedings were held before the International. Some of the members of the plaintiffs' group participated in those proceedings on behalf of Local 639. Safeway was not involved in the International's activities, although its preference to have the stores shifted was widely known.

The International determined, on July 9, 1980, that three of the seven stores should be serviced by the Richmond local and that four should remain with Local 639. Safeway then promptly took steps to implement the shift, despite the fact that such action clearly was contrary to the expressed terms of Safeway's existing contract with Local 639. Plaintiffs balked at the shift and sought to have Local 639 bring grievances over the change. Initially, Local 639 did file grievances, but once the local determined the full meaning of the International's ruling, the local did not pursue the grievances.[1] Plaintiffs then filed this action.

Plaintiffs originally sued only Safeway, contending, simply, that there was a contract and that the contract had been violated. Safeway moved to have the two union locals joined and that motion was granted. Subsequently, discovery was held among all parties and the motions were fully briefed and argued.

It is necessary, first, to consider the Richmond local's motion to dismiss. The local contends that the Court lacks in personam jurisdiction and subject matter jurisdiction, and, that even if the Court finds there is subject matter jurisdiction, venue is improper. Plaintiffs oppose, although with a notable lack of enthusiasm.

■ The Court finds that the Richmond local's motion is good on the issue of a lack of in personam jurisdiction and therefore does not resolve the other claims raised. On this particular issue, plaintiffs stated that they "take no position." Plaintiffs note, however, that they apprised Safeway of the Richmond local's lack of contacts with the District of Columbia prior to the joinder and that copies of the amended complaint and summons were served on the Richmond local's counsel in Washington, D. C.[2]

Reviewing the extensive evidence attached to the various motions, the Court finds no indication that the Richmond local has had contacts with the District of Columbia sufficient to make it amenable to suit under sections 13–422 or 13–423 of the District of Columbia Code. The only evidence of contacts involves the filing of a jurisdictional claim with the International—which is not a party to this action—and appearances at hearings on the claim held in the District of Columbia. This is not enough.

The only portion of the Code that might authorize jurisdiction here is section 13–423(a)(3) or (a)(4). Both subsections, however, require that the nonresident "caus[e] tortious injury in the District of Columbia." Any injury caused in this case occurred in Virginia, where the stores were located, or in Maryland, where the warehouse personnel and drivers were employed. Furthermore, subsection (a)(3) requires that there be "an act or omission in the District of Columbia," and there is no act here that would suffice. Subsection (a)(4) applies only to nonresidents with sustained contacts with the District, and that clearly is not the case. All in all, there simply do not appear to be the contacts necessary to support in

1. There was some confusion initially over whether the shift included "bread and milk" runs, and whether the change was intended to take place immediately. Local 639 explained to the Court that it filed the grievances in order to protect itself in case either of these questions was decided in Local 639's favor by the International. Once the questions were resolved—adverse to Local 639—the grievances were not pursued.

2. The Richmond local, however, has stated that it received the complaint and summons by certified mail.

personam jurisdiction over a union local based in Richmond and operating entirely outside the District of Columbia. *Cf. Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 812 (D.C.App.1976); *see also Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Therefore, the motion to dismiss by the Richmond local shall be granted.

Once it has been determined that the Richmond local cannot be joined in this case, however, the Court is faced with the further question of what effect this has on the remaining action. Under Rule 19 of the Federal Rules of Civil Procedure, the Court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Four factors are set forth to guide the Court's decision. *See* Rule 19, Fed.R.Civ.P.; 3A Moore, Federal Practice ¶ 19.05 to 19.07–2 (1979).

It is clear that resolution of plaintiffs' claims may well affect rights currently exercised by the Richmond local. This is not simply a grievance against the plaintiffs' union, or an unfair labor practices case against an employer. It is a contract action in which various parties have asserted their rights to perform, or to assign, certain work. Plaintiffs seek to have the three stores returned to their service area, yet the Richmond local is now serving those stores with the approval of both Safeway and the International. This Court could not order those stores returned to plaintiffs, thereby adjudicating the Richmond local's rights to the stores, without having the Richmond local before the Court. Moreover, ordering the stores to be returned without participation by the Richmond local could well leave Safeway in the position, at least temporarily, of having a contractual obligation to *both* locals for the three disputed stores. Continuing this case in the absence of the Richmond local would substantially, and inevitably, prejudice both a nonparty and a party, and there is no way in which this prejudice can be lessened or avoided without altering drastically the form of the action.

A further consideration under Rule 19(b) is whether the plaintiff will have an adequate remedy elsewhere if the case is dismissed here. The parties differ on this issue, and it is not for this Court to determine the exact parameters of another forum's jurisdiction, but it does appear that plaintiff can seek at least partial relief either in the state or federal courts of Virginia, or, more importantly, before the National Labor Relations Board.

This case is brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976), and the NLRB has concurrent jurisdiction, as all parties appear to agree. Quite apart from the difficulty over the absence of an indispensable party, this would appear to be a case in which the NLRB is a more appropriate forum than this Court. It is instructive to compare this case with the recent decision by the United States Court of Appeals in *Baker v. Newspaper & Graphic Communications Union*, 628 F.2d 156 (D.C.Cir.1980). In *Baker*, union members sued their union, the employer, and the international for alleged breach of contract claims. The Court recognized that the case was essentially an intra-union dispute, that the union membership had approved the disputed contract, and that the nub of the fight was between certain members of the union and the union itself. The *Baker* Court held that the NLRB was the proper forum for considering those claims. Although there are admitted differences between *Baker* and this case, the Court of Appeals' endorsement of the NLRB under the facts of *Baker* strengthens this Court's view that the NLRB offers plaintiffs an appropriate forum for consideration of their claims if this case is dismissed. Furthermore, the NLRB is empowered "to take such affirmative action ... as will effectuate the policies" of the national labor relations acts, 29 U.S.C. § 160(c) (1976), thus ensuring that plaintiffs could receive whatever remedy is justified by the final proof.

There is not, at this time, a formal motion before the Court to dismiss for failure to

join an indispensable party. At oral argument, however, Safeway indicated that it would file such a motion if the motion to dismiss of the Richmond local were granted. Furthermore, this Court is empowered to dismiss *sua sponte* for failure to join such a party. 3A Moore, Federal Practice ¶ 19.-05[2] at 19–91 and 92 (1979). Rather than engage in further filings, the Court will exercise its authority and dismiss the case under Rule 19(b) for failure to join an indispensable party, the Richmond local, without a formal motion.

